**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ROSE ELLA SUMMERS, #20697-001,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:06-CV-1923-P |
| | ) | ECF |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* motion to compel the Government to file a Rule 35 motion to reduce Petitioner's sentence in accordance with United States Sentencing Guideline § 5K1.1, which was docketed in the U.S. District Court for the Northern District of California as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, *et seq.* *See Summers v. United States*, 3:06cv2244 (N.D. Cal., San Francisco Div.). Following payment of the $5.00 filing fee, the action was transferred to this District, where it was directly assigned to the sentencing court. Process has been issued in this case.

Parties: Petitioner is presently confined at FMC Carswell in Fort Worth, Texas.

Statement of the Case: Petitioner was convicted of conspiracy to possess with intent to distribute and to distribute marijuana, and conspiracy to commit money laundering. *See United States v. Summers*, 3:96cr326-P(04) (N.D. Tex., Dallas Div.). Punishment was assessed at 292

months imprisonment and a three-year term of supervised release following two remands. *Id.* (Jul. 10, 2003).

In this case, Petitioner is not challenging her criminal conviction or the execution of her sentence. Instead, she alleges that the government should be compelled to file a Rule 35 motion to reduce her sentence because of her substantial assistance in the prosecution of crimes while she was incarcerated at FCI Dublin, California.

In response to this Court's order to show cause, the Government filed an original and a supplemental response seeking dismissal and denial of the motion to compel. Petitioner has not filed a reply.

<u>Findings and Conclusions</u>: The Government correctly notes that this Court lacks jurisdiction to grant relief under 28 U.S.C. § 2241 because Petitioner does not challenge the execution of her sentence. *Braden v. 30th Judicial Cir. Ct. of Kentucky,* 410 U.S. 484, 494-95, 93 S.Ct. 1123 (1973); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Even liberally construing Petitioner's motion as a request for mandamus relief, her motion should be denied. Mandamus may issue only when (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other available remedy. *Smith v. North La. Medical Review Ass'n,* 735 F.2d 168, 172 (5th Cir. 1984). The issuance of the writ of mandamus lies within the discretion of the court to which it is directed. *United States v. Denson,* 603 F.2d 1143, 1146 (5th Cir. 1979) (en banc).

Petitioner has not shown a clear entitlement to the requested relief nor a clear duty owed her by the Government. Rule 35 motions for reduction of sentence are generally filed only at the Government's discretion. *See* Fed. R. Crim. P. 35(b). Here neither the Government nor the

Bureau of Prisons employees mentioned in Petitioner's pleading promised to file a Rule 35 motion. (*See* Gov't Supplemental Response and Captain Joseph Eberhardt and Lieutenant Richard Wolfe's affidavits attached thereto). In any event, even if the Government had agreed to file such a motion, to obtain relief Petitioner would have to show that the Government relied on an unconstitutional motive, such as race or religion, in refusing to file the Rule 35 motion. *See Wade v. United States,* 504 U.S. 181, 185, 112 S.Ct. 1840 (1992); *United States v. Urbani*, 967 F.2d 106 (5th Cir. 1992). Petitioner has made no allegation or argument regarding an unconstitutional motive on the Government's part and thus cannot demonstrate a clear entitlement to the requested relief.

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action, construed as a request for a writ of mandamus, be DENIED with prejudice.

A copy of this recommendation will be mailed to Petitioner and counsel for Respondent.

Signed this 8th day of February, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

      In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.